**Robert F. DILLA, Hale P. Lane, Jr., and Dennis J. Eason, Plaintiffs,**

v.

**Togo D. WEST, Jr., Department of the Army, Secretary of the Army, Defendant.**

No. Civ.A. 97–T–1003–N.

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 11, 1999.

Carlyle R. Hatfield, Jess Smethers, Oklahoma City, OK, for Plaintiffs.

Brian C. Corneilson, U.S. Army Litigation Division, Arlington, VA, Patricia A. Snyder, Kenneth E. Vines, U.S. Attorney's Office, Montgomery, AL, Tom Majors, U.S. Attorney's Office, Oklahoma City, OK, for Defendants.

### ORDER

MYRON H. THOMPSON, District Judge.

Federal Rule of Civil Procedure 60(a) provides that clerical mistakes in judgments and orders may be corrected by a court at any time. The Rule further provides that, during the pendency of an appeal but after the appeal has been docketed with the appellate court, the court seeking to correct the mistake must obtain leave of the appellate court in order to make such a correction. On December 7, 1998, this court requested of the Eleventh Circuit Court of Appeals, and on January 8, 1999, was granted, leave to correct the clerical mistake described below.

This court's memorandum opinion, entered on May 7, 1998, page 22, lines 16–18, states the following: "... Hinderliter may have been expressing his desire to offer the position to younger candidates because they would be likely to retire quickly...." *Dilla v. West,* 4 F.Supp.2d 1130, 1139 (M.D.Ala.1998). It is apparent that the word "less" was inadvertently omitted from that sentence.

It is hereby ORDERED that the court's memorandum opinion entered on May 7, 1998, page 22, lines 16–18, is amended to read as follows: "... Hinderliter may have been expressing his desire to offer the posi-

tion to younger candidates because they would be less likely to retire quickly...."

The clerk of the court is DIRECTED to furnish a copy of this order to the Eleventh Circuit Court of Appeals.