[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
07/08/99
THOMAS K. KAHN
CLERK

No. 98-6457

D. C. Docket No. CV-97-T-1003-N

ROBERT P. DILLA,
HALE P. LANE, JR., et al.,

Plaintiffs-Appellants,

versus

TOGO D. WEST, JR., Secretary,
Department of the Army,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Alabama

**(July 8, 1999)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

The appellants – Robert Dilla, Hale Lane, and Dennis Eason – applied for an air traffic controller position with the United States Army. All three were rejected in favor of a substantially younger applicant, Kevin Nolan. Subsequently, the appellants filed suit against the Secretary of the Army in federal district court, alleging that the Army's refusal to hire them was based on age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (1994). After a bench trial, the district court found that the appellants were rejected because (1) they would be eligible to retire much sooner than Nolan and (2) they had achieved a higher pay grade than Nolan in previous employment, and therefore would require a higher salary than Nolan in the air traffic controller position.[1]  See Dilla v. West, 4 F.Supp.2d 1130, 1141-44 (M.D. Ala. 1998), corrected by 31 F.Supp.2d 1347 (M.D. Ala. 1999). Both of these factors are directly correlated with age – older workers are generally (but not necessarily) closer to meeting federal retirement criteria and further advanced in their pay grade than younger workers. The district court, however, relying on Hazen Paper Co. v. Biggins, 507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993), concluded that "the mere fact that there exists a perfect correlation, or even a direct link, between

---

[1] More specifically, the district court held that, even if the defendant's decision was based in part on the appellants' ages, the same decision would have been made in the absence of such discrimination for the two reasons stated in the text.

age and the factor purportedly relied upon by the employer does not perforce mean that the employer has impermissibly relied on age." Dilla, 4 F.Supp.2d at 1142-43. Consequently, the district court ruled in favor of the defendant.

We agree with the district court's analysis of Hazen Paper: Reliance on factors correlated with age does not by itself constitute age discrimination. To be sure, purported reliance on such factors may be a pretext for discrimination; if so, the defendant has violated the ADEA. See id. at 1142. The district court, however, concluded on the basis of substantial evidence that no such pretext was involved in this case. The district court's judgment is therefore

AFFIRMED.